UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEBAR BYRD,                              ) | |
| ) | |
| Plaintiff,                         ) | |
| ) | |
| v.                                               ) | Case No. 4:25-cv-01615-CMS |
| ) | |
| SHANON EATON,                        ) | |
| ) | |
| Defendant.                       ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Gebar Byrd brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $27.10. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for frivolity and failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because this case is being dismissed, Plaintiff's motion for counsel (ECF No. 2) will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a state prisoner at Southeast Correctional Center (SECC) in Charleston, Missouri. ECF No. 1 at 1-2. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $11.30 and an average monthly balance of $135.50 (as of the tenth of each month). ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $27.10, which is twenty percent of Plaintiff's average monthly balance. *See* 28 U.S.C. § 1915(b)(1).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### The Complaint

Plaintiff brings this action on the Court's form complaint for seeking relief under 42 U.S.C. § 1983.  ECF No. 1 at 1.  He names one defendant in her individual capacity, Shanon Eaton, a police officer in University City, Missouri.  *Id.* at 1-2.  According to Plaintiff, he was "unlawfully arrested" on May 26, 2010, by Defendant Eaton, based on a "supposed[]" warrant issued out of Kaskaskia County, Illinois.  *Id.* at 3.  Plaintiff alleges that he was not read his rights or given an explanation as to why he was being arrested.  He further asserts that he has been unlawfully detained since this arrest and that he has become "a prisoner of war." *Id.*

For relief, Plaintiff requests that his state-court judgment be vacated and that he be unconditionally released.  He also seeks 25 million dollars in damages.  *Id.*

### Plaintiff's State-Court Judgment

Based on a review of Court records, it appears that Plaintiff Gebar Byrd was found guilty by a jury in the Circuit Court of the City of St. Louis, Missouri, on October 14, 2011, on charges of murder, involuntary manslaughter, endangering the welfare of a child, and domestic assault.

*Byrd v. Buckner*, No. 4:18-cv-1760-RHH, ECF No. 27 at 1 (E.D. Mo. filed Oct. 15, 2018). In December 2011, Plaintiff was sentenced to life plus a consecutive twenty-one years. *Id.* His appeals and motion for post-conviction relief in state court were all denied, as was his § 2254 petition before this Court. *Id.* (denied Sept. 27, 2023). The Eighth Circuit Court of Appeals dismissed Plaintiff's appeal and denied his two petitions for authorization to file a successive habeas application. *Id.* at ECF Nos. 39-41, 43-44 (petitions denied June 20, 2024 and April 25, 2025).

**Discussion**

Based on a careful review and liberal construction of the allegations of Plaintiff's § 1983 Complaint, the Court will dismiss this matter for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Furthermore, to the extent Plaintiff seeks release from confinement, it would be futile to construe this case as being brought under § 2254 for habeas relief because the case would still be subject to dismissal.

First, Plaintiff's § 1983 Complaint—based on an allegedly unlawful arrest from 2010—is time-barred. Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975); *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted). In this case, Plaintiff's sole allegation is that he was unlawfully arrested on a

questionable out-of-state warrant in 2010. As this allegation pertains to an incident that occurred fifteen (15) years ago, clearly the five-year statute of limitations has run.

Second, to the extent Plaintiff requests that the Court vacate his conviction and release him, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Release from confinement cannot be sought through a 42 U.S.C. § 1983 action. Regardless, it would be futile to construe Plaintiff's complaint as a § 2254 habeas petition because Plaintiff has already sought and been denied habeas corpus relief under § 2254 on his state court conviction. *See Byrd v. Buckner*, No. 4:18-cv-1760-RHH (E.D. Mo. decided Sept. 27, 2023). Finally, the United States Court of Appeals for the Eighth Circuit has also already denied two requests from Plaintiff to bring a second or successive § 2254 motion. *Id.* at ECF Nos. 40-44.

For these reasons, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) and Plaintiff's pending motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $27.10 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon

which relief can be granted.  Plaintiff's claims against defendant Shanon Eaton are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

    **IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

    **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

    An Order of Dismissal will accompany this Memorandum and Order.

    Dated this 19th day of February 2026.

                                                                CRISTIAN M. STEVENS
                                                               UNITED STATES DISTRICT JUDGE